UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL MILLS,

                Plaintiff,

   -against-                           **COMPLAINT**

CITY OF NEW YORK,
DANIEL YOUNG,
STEPHAN NOEL, and,
MICHAEL CIOFFI,

                                  **PLAINTIFF DEMANDS**
               Defendants.           **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff Michael Mills, by his attorneys, the Lumer Law Group, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned, plaintiff Michael Mills was an adult male and resided in Kings County, in the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.     At all relevant times hereinafter mentioned, defendant Daniel Young, Shield Number 5170, was employed by the City of New York as a member of the NYPD, with the rank of detective. Young is sued herein in his/her individual capacity.

       4.     At all relevant times hereinafter mentioned, defendant Stephan Noel,

Shield Number 21068, was employed by the City of New York as a member of the NYPD, with the rank of police officer. Noel is sued herein in his/her individual capacity.

5. At all relevant times hereinafter mentioned, defendant Michael Cioffi, Shield Number 24252, was employed by the City of New York as a member of the NYPD, with the rank of police officer. Cioffi is sued herein in his/her individual capacity.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

8. On July 23, 2018, plaintiff reported to his probation officer for a scheduled visit, at which time he was arrested by, or at the direction of the three individual defendants.

9. Plaintiff was transported to a local precinct station house. where plaintiff was imprisoned for a period of hours while his arrest was processed.

10. Plaintiff was later transported to Central Booking, where he was imprisoned for many more hours until his arraignment.

11. While plaintiff was in defendants' custody, one or more of the three defendants completed, or caused to be completed, arrest paperwork in which the defendants falsely claimed that they personally witnessed plaintiff engage in various criminal conduct on

July 15, 2018.

12. According to the defendants, on July 15, 2018, at or about 8:25pm, they made an arrest of an adult female at or near the intersection of Ralph Avenue and Glenwood Road in Brooklyn.

13. During this arrest, the defendants contend, the woman who was being arrested told plaintiff, who was observing her arrest, to take her car away from the scene, and that plaintiff then approached the woman's car.

14. Defendants further claim that defendant Cioffi told plaintiff not to approach the vehicle, but that plaintiff disregarded this instruction, entered the vehicle, and drove off.

15. Defendants also stated that when he drove away, plaintiff did so on the wrong side of the road, and then drove through multiple red lights.

16. Each of these allegations was materially false as related to plaintiff. Not only did plaintiff not engage in any of the alleged misconduct, he was not present at the July 15, 2018, arrest of the adult female in the first instance. Thus, while plaintiff has no knowledge as to whether anybody else committed these crimes, he most certainly did not.

17. While plaintiff was in defendants' custody, one or more of the defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

18. Defendant Young then spoke with the KCDA, prior to plaintiff's

arraignment, about the paperwork he had submitted, or caused to be submitted, and confirmed his fabricated narrative in order to ensure that the KCDA would initiate the prosecution.

19. The KCDA then drafted a criminal complaint based upon the falsified factual allegations communicated by the defendants and Young executed it under penalty of perjury.

20. Based entirely on defendants' materially false allegations, plaintiff was arraigned and criminally charged with various violations of New York's VTL, as well as reckless endangerment and obstructing governmental administration.

21. On August 14, 2018, defendant Cioffi executed another criminal complaint concerning the same arrest in which Cioffi endorsed the same factual allegations, except that it specified that Cioffi personally witnessed defendant Noel tell plaintiff to back away from the vehicle before plaintiff entered the vehicle and drove away.

22. The factual allegations in the August 14, 2018, complaint was materially false in all respects insofar as they concerned plaintiff.

23. At no time did plaintiff engage in any of the conduct attributed to him, nor was there a reasonable basis for the defendants to believe that plaintiff did engage in the alleged conduct.

24. At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed.

25. Plaintiff was subsequently obligate to return to court as the prosecution

against him continued.

26. Upon information and belief, the charges were subsequently adjourned in contemplation of dismissal, with an immediate dismissal and sealing.

27. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Section 1983 False Arrest Claim Against the Individual Defendants)

28. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

29. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

30. Plaintiff had not been engaged in any criminal conduct, nor was he engaged in any conduct that could reasonably be viewed as criminal.

31. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

32. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

33. By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

34. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION

(Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)

35. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

36. The individual defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiff engage in criminal or unlawful activity, and then forwarded these materially false claims to the KCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of his liberty and to be criminally prosecuted.

37. To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

31. By so doing, the individual defendants subjected the plaintiff to the denial of a fair trial and violation of his right to due process fabricating evidence and

otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

38.     By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of his liberty, loss of his constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION

(Section 1983 *Monell* Claim Against the Municipal Defendant)

39.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

40.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

41.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and

specifically, the plaintiff herein.

42. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

43. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

44. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

45. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

46. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal

defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

47. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

48. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, the plaintiff demands judgment against the individual defendants and the City of New York as follows:

    i.    actual and punitive damages against the individual defendants in an amount to be determined at trial;

    ii.    actual damages in an amount to be determined at trial against the City of New York;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York
April 18, 2019

LUMER LAW GROUP
Attorneys for Plaintiff

Michael Lumer, Esq.
305 Broadway, Suite 1400
New York, New York 10007
(212) 566-5060